The defendant gave to the plaintiff his bond for $50, dated 24 March, 1846, and payable on or before 24 July, 1846, and this suit was brought thereon by way of warrant. Pleas, nonest factum, payment, and accord and satisfaction. On the trial the defendant offered evidence that, prior to the execution of the bond, a suit was pending between the parties, which they agreed to compromise, and, as a part of the compromise, that the defendant undertook and promised the plaintiff to pay certain costs incurred in that suit, and that the bond was given as a security for those costs and upon an express agreement, at the time of the execution of the bond, that, upon the payment of the costs by the defendant, the plaintiff should deliver up the bond to the defendant. The plaintiff objected to the evidence, but the court admitted it; and the defendant then gave further evidence that before this said suit was brought (which was on 15 October, 1847), the defendant paid the said costs to the clerk of the court in which the suit had pended. Thereupon the court gave an opinion that, supposing the evidence to be true, the plaintiff could not recover; and the plaintiff submitted to a nonsuit and appealed. (146)
As the amount of the costs which the defendant agreed to pay, and did pay, is not stated, and the opinion of the court was given against the plaintiff without any reference to the amount, it must be understood that the opinion rested exclusively upon the agreement that the bond should be void or be delivered up if or when the defendant should pay the costs, whether more or less, and upon the fact that he had paid them. That is clearly erroneous; for it is, plainly, nothing less than annexing, upon parol evidence, a condition to a *Page 114 
bond which is absolute upon its face. If the agreement had been that the plaintiff would accept a deed from the defendant for a tract of land, or any other collateral matter, in satisfaction of the money for which the bond was given, and the thing had been done and accepted accordingly, it is true the defendant would have been discharged, as there would then be an actual subsequent satisfaction, and it would be immaterial when the plaintiff first agreed that he would accept such satisfaction. But in the present case the alleged agreement is that the plaintiff would accept a less sum of money, whenever paid, in discharge of a bond for a larger sum; which is a thing that cannot be, unless the larger sum be regarded in the light of a penalty, to be saved on the condition of paying the smaller; and it is against fundamental principle to admit parol evidence to establish such a condition in opposition to the tenor of the bond. If, indeed, the defendant paid the costs in question or (147) any part of them, we should hold the amount thus paid to be a payment, pro tanto, upon the bond sued on; for if a creditor by bond request the obligor to pay a sum of money to a particular person, and agree that such payment shall be allowed as a payment of so much of the obligation, there is no doubt that it may accordingly be treated as a payment or satisfaction to that extent. And it can make no difference whether the request be at or after the execution of the obligation; since, if the former, it is a continuing request, and, until countermanded, authorizes the debtor, in confidence thereof, to make the payment to a third person. Therefore, the defendant was entitled to credit on the bond for what he paid to the clerk under the agreement. But that was all he was entitled to, and he could not ask for a verdict that he had paid or satisfied the whole sum mentioned in the bond by having paid a less sum to or for the plaintiff — since that, in law, is not such payment or satisfaction.
PER CURIAM. Judgment reversed, and venire de novo.
Cited: S. c., 34 N.C. 28; Cross v. Long, 51 N.C. 154; Martin v.McNeely, 101 N.C. 639. *Page 115 
(148)